### TURNER BUSWELL *vs.* JANE EATON and others.

### Somerset. Opinion August 6, 1884.

*Action. Administrator. Surplusage. Devise.*

B defended an action as administrator, recovering costs. Judgment was entered up in his name as administrator, when it should have been in his own name. The execution was issued in the same way, was levied in the same way and this (real) action is instituted in the same way for the recovery of the premises levied upon. *Held:*—That all the proceedings are of the same effect as if in the plaintiff's name individually, and that the accompanying descriptions of him as administrator are wholly unessential and rejectable as surplusage.

A testator devised to certain persons real estate upon condition that they paid certain of the testator's notes, and, in case of non-payment by them, he devises the land to other persons upon payment of the notes by them. *Held:*—That the first persons took an estate in fee conditional, subject to being defeated or devested for non-performance of the condition, and then to go over to other persons conditionally, and that the estate remained absolutely in the first takers by their payment of the notes.

ON REPORT.

Writ of entry to recover an undivided half of lot No. 58 in Solon. The plea was joint *nul disseizen*, with brief statement.

The opinion states the material facts.

The following is a copy of item four of Moses Eaton's will, referred to in the opinion :

"Item 4th. I give, bequeath and devise to Samuel Eaton and Jona. Eaton, lots 58 and 112 in the north half of said Solon, on condition that they pay or cause to be paid, a certain note on which I am holden to Elisha Coolidge of Solon for about $160, also a note of about $180 to Samuel E. Morrill of Athens, also a note signed by said Samuel and Jonathan to me for $100, and in case they do not pay said notes, then I bequeath and devise said lots to Moses Eaton, 2d, my nephew, on condition that he pay said notes."

In their argument at law court plaintiff's counsel asked leave to amend by striking out the surplusage if the action should have been in the name of the plaintiff individually.

*D. D. Stewart* and *Turner Buswell*, for the plaintiff.

*Baker, Baker and Cornish*, for the defendants.

Peters, C. J.   The plaintiff was defendant in an action as administrator upon his father's estate, and recovered judgment in the action for his costs.   Instead of issuing an execution to him for costs in his own name, the judgment and execution were made running to him in his representative capacity.   The execution was levied upon the estate demanded in the present action. The present is a real action in the name of the plaintiff as such administrator.   The fact is that the judgment, levy and action belong to the plaintiff, and more properly should have been in his individual name.   The estate of his father has no interest in them.   But the accompanying designation or description of person is harmful to no one, and, if not removed by amendment, may be considered as unessential parts of the proceedings, and may be rejected as merely surplusage.   The maxim *utile per inutile non vitiatur* applies.   Useless allegations, separable from those that are useful, may be rejected as surplusage.   *Gilmore* v. *Mathews,* 67 Maine, 517.   Or they may be stricken out. *Bean* v. *Ayers, Id.* 482.   The redundant matter serves to explain to us at least the foundation upon which the judgment

rests.    The writ in the present action would be more symmetrical, if shorn of the irrelevant matter indicated by the amendment asked for.

A question, more of fact than of law, is presented by the report, namely, whether the judgment debtor was the owner of the estate levied upon.    We entertain no reasonable doubt that he was.    He was the owner by devise, if he performed certain conditions required of him under item four of Moses Eaton's will.    The will gave him an estate in fee conditional, subject to being defeated or devested, and to go over to other parties, if the conditions were not performed.    The fact of possession and claim by him, and of non-possession and non-claim by the parties secondarily entitled under the will, enforced strongly by corroborative circumstances, satisfies us that the devisee did perform  the  conditions laid upon him by the terms of the will. *Buck* v. *Paine*, 75 Maine, 582.    Several questions of law are learnedly presented by counsel, but, in our view, there is not a necessity of considering them in the present discussion.

*Amendment allowed.    Judgment for  demandant.*

WALTON, DANFORTH, LIBBEY, EMERY  and  FOSTER,  JJ., concurred.